IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| WILLIAM P. DRUCKLIEB, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:19CV279 |
| v. | ) | |
| | ) | **MEMORANDUM** |
| CARA RYAN, | ) | **AND ORDER** |
| Defendant. | ) | |

Plaintiff, who is proceeding in forma pauperis, has filed an Amended Complaint (Filing No. 7) in response to this court's Memorandum and Order (Filing No. 7) after initial review of Plaintiff's claims under 28 U.S.C. § 1915(e)(2). The court's Memorandum and Order directed that Plaintiff comply with Federal Rule of Civil Procedure 8 by describing the factual basis for his claims, being "mindful to clearly explain what Defendant did to him, when Defendant did it, and how Defendant's actions harmed him." (Filing No. 6 at CM/ECF p. 3.) The court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff purports to bring an equal protection claim, as well as claims under the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, and the Age Discrimination Act of 1975, 42 U.S.C. § 6101, *et seq.* (prohibiting discrimination on the basis of age in programs or activities receiving federal financial assistance).

Plaintiff's factual allegations in his Amended Complaint are only marginally better than those contained in his original Complaint. Plaintiff alleges that Defendant Cara Ryan—who is apparently a private individual living in Bellevue, Nebraska—maliciously and negligently interfered with Plaintiff's federally funded online "re-education program" by extensively damaging Plaintiff's computer hardware and educational materials beginning on April 20, 2018; interfered with "Plaintiff's qualifications for Federal Pell Grants for re-education of a disabled person"; created "a hostile study environment . . . through Defendant's repeated destruction of computer hardware, supplies and blocked access to the internet"; and repeatedly interfered with Plaintiff's "Federally funded re-education and employment through harassment and false swearing, continuing to date." (Filing No. 7 at CM/ECF pp. 4-5.)

Plaintiff seeks recovery for "losses of tuition, computer hardware, computer software, educational materials and supplies," lost wages and educational opportunities, loss of future wages up to $1,000,000, and punitive damages. (Filing No. 7 at CM/ECF p. 4.)

## II. DISCUSSION

### A. Equal-Protection Claim

The court assumes that Plaintiff asserts his equal-protection claim through 42 U.S.C. § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) ("Section 1983 creates a cause of action against a person acting 'under color of any statute . . . of any State' who deprives another of a federally protected right. 42 U.S.C. § 1983.") In order to assert a claim under section 1983, Plaintiff must allege that the Defendant was a state actor or acting under color of state law when she allegedly interfered with Plaintiff's re-education program. *Graham v. Connor*, 490 U.S. 386, 394 (1989) (§ 1983 provides "a method for vindicating federal rights elsewhere conferred" (internal quotation marks and citation omitted)); *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (private parties can be

liable under § 1983 only when acting under color of state law, such as being willful participant in joint action with the state or its agents); *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("Only state actors can be held liable under Section 1983. A private party who willfully participates in joint activity with the State or its agents is considered a state actor." (internal citation omitted)); *Jones v. United States*, 16 F.3d 979, 981 (8th Cir. 1994) (42 U.S.C. § 1983 is the "means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law").

Here, Plaintiff does not allege any facts whatsoever indicating that Defendant Cara Ryan is a state actor or that she conspired or jointly acted with the state or its agents to deprive Plaintiff of his constitutional rights. Because Plaintiff has failed to allege that Defendant was acting under color of state law while violating Plaintiff's constitutional right to equal protection, this claim must be dismissed for failure to state a claim upon which relief can be granted.

**B. Rehabilitation Act Claim**

Section 504 of the Rehabilitation Act prohibits discrimination on the basis of disability in programs receiving federal financial assistance. The Act provides, in relevant part, that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

The Eighth Circuit Court of Appeals has held that individuals may not be sued under Section 504 of the Rehabilitation Act. *Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014); *see also McCoy v. Colorado Springs Hous. Auth.*, No. 4:18CV3137, 2019 WL 454099, at *6 (D. Neb. Feb. 5, 2019) ("Defendants cannot be sued in their individual capacities under . . . section 504 of the Rehabilitation Act."); *Cotton v. Douglas Cty., Nebraska*, No. 4:18CV3138, 2018 WL 6067513, at *6 (D.

Neb. Nov. 19, 2018) ("corrections officers cannot be sued in their individual capacities under the . . . Rehabilitation Act").

Therefore, Defendant Cara Ryan is an improper defendant against whom a Rehabilitation Act claim may be asserted, and this claim must be dismissed for failure to state a claim upon which relief may be granted.

**C. Americans with Disabilities Act Claim**

Under the Americans with Disabilities Act[1], "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Defendant here is alleged to be an individual, not a "public entity" subject to suit under Title II of the ADA. 42 U.S.C. § 12131(1) (defining "public entity" to include state or local governments, instrumentalities thereof, and commuter authorities); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 (8th Cir. 1999) (the term "public entity" in 42 U.S.C. § 12132 "does not include individuals"); *Maday v. Dooley*, No. 4:17-CV-04168, 2018 WL 4047116, at *2 (D.S.D. Aug. 24, 2018) (definition of "public entity" under ADA does not include individuals). Therefore, Plaintiff has not asserted a Title II ADA claim against a proper defendant, and this claim must be dismissed. *Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014) (individuals may not be sued under Title II of the ADA); *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) ("Individuals in their personal

---

[1]The ADA is separated into three titles. Title I applies to discrimination in employment. 42 U.S.C. § § 12111-12117. Title II applies to discrimination in public services. 42 U.S.C. § § 12131-12165. Title III applies to discrimination in public accommodations. 42 U.S.C. §§ 12181-12189. I assume Plaintiff attempts to bring a claim under Title II.

4

capacities . . . are not subject to suit under Title II [of the ADA], which provides redress only from public entities.").

## **D. Age Discrimination Act Claim**

Under the Age Discrimination Act of 1975, as amended, 42 U.S.C. §§ 6101-6107 (Westlaw 2019), "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. This provision has been construed to mean that a "program or activity" receiving federal financial assistance cannot discriminate against a person because of that person's age. *Steshenko v. Albee*, 42 F. Supp. 3d 1281, 1290 (N.D. Cal. 2014). Here, Plaintiff does not allege that his federally funded educational program discriminated against him; rather, he sues a private individual because she allegedly interfered with his program by damaging his computer, internet connection, and educational materials and supplies, all of which he presumably needs to access his program. As a private individual, Defendant Cara Ryan is not a proper defendant under the Age Discrimination Act.

Even if Ryan were a proper defendant, Plaintiff could not bring a claim against her under the Act because the Act does not authorize the recovery of monetary damages, which is the only type of relief Plaintiff requests. *Montalvo-Padilla v. University of Puerto Rico*, 498 F. Supp. 2d 464, 468 (D. Puerto Rico 2007) (private cause of action created by Age Discrimination Act "is limited to injunctive relief and the recovery of attorney's fees"); *Tyrrell v. City of Scranton*, 134 F. Supp. 2d 373, 383 (M.D. Pa. 2001) ("Nothing in the language, structure or legislative history of the ADA supports the inference that Congress intended to create a private right of action for monetary damages."). Even if Plaintiff had sought injunctive relief, his claim would be foreclosed because the Act allows a plaintiff to seek an injunction of the discriminatory practice in federal district court, but only after a plaintiff has exhausted

5

his administrative remedies, which is not alleged to have occurred here. 42 U.S.C. §§ 6104(e) & (f); 45 C.F.R. § 90.50.

Therefore, this claim must be dismissed for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

Plaintiff's action must be dismissed for failure to state a claim upon which relief can be granted because Plaintiff asserts claims under 42 U.S.C. § 1983, the Rehabilitation Act, the Americans with Disabilities Act, and the Age Discrimination Act against an individual defendant who is not subject to suit under these statutes.

Accordingly,

IT IS ORDERED:

1. This case is dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Judgment shall be entered by separate document.

DATED this 20th day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge